UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY WARE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No.: 21-cv-1173-JBM |
| ) | |
| JOHN BUSSAN, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW

Plaintiff, currently in the custody of the McLean County Detention Center ("Jail"), has filed a complaint under 42 U.S.C. § 1983. Plaintiff alleges that McLean County Public Defenders John Bussan and Matthew Koetters, and McLean County Sheriff Jon Sandage have not responded properly to his COVID-19 infection and, perhaps, other health-related issues. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiffs asserts that on an unidentified date prior to being in custody, he tested positive for COVID-19. On March 19, 2021, Plaintiff's physician issued a note recommending that he quarantine for 10 days or until testing negative. Plaintiff sent the document to public defenders

1

Defendants Bussan and Koetters. While it is not clear, it appears that Plaintiff had a court hearing and when he failed to appear, an arrest warrant was issued. Plaintiff claims that Defendants Bussan and Koetters were "extremely negligent" in failing to provide the document to the court.

At some point, Plaintiff was taken into custody and on June 10, 2021, was in court with Defendant Bussan. Plaintiff believed he should have been released due to his COVID-19 status. Instead of making this request, Defendant Bussan requested a continuance for purposes of entering a plea. Plaintiff alleges that Defendant Bussan's negligence in placing him in custody while in poor health has prevented his obtaining private counsel to effect an immediate release. Plaintiff does not, however, reveal in what way his health was poor. He does not claim that his COVID-19 infection was symptomatic or that he was suffering from other health issues.

Plaintiff pleads that while held in the McLean County Jail in May and June 2021, Defendant Sheriff Sondage had him placed in general population, even though his health was poor. Once again, Plaintiff does not identify any health problems. He alleges, however, that by placing him in general population, Defendant Sondage put in jeopardy his life and the lives of those around him. Plaintiff requests money damages and injunctive relief in the form of proper medical care and the immediate release from custody.

## ANALYSIS

As Plaintiff is a pretrial detainee, his complaint is reviewed under a Fourteenth Amendment objective reasonableness standard, rather than the dual objective/subjective standard reserved for Eighth Amendment prisoner claims. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). Under this standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Id.* at *9. Even under the objective standard, however,

defendant's actions must be deliberate, purposeful, or knowing, negligence is not enough. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015).

To plead objectively unreasonable conduct under the Fourteenth Amendment, Plaintiff must sufficiently allege that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is "akin to reckless disregard." *Miranda*, 900 F.3d at 353. Here, Plaintiff frankly pleads that Defendants' actions were negligent and extremely negligent. As a result, he fails to plead a Fourteenth Amendment violation.

Plaintiff's complaint fails for the additional reason that he has not identified a serious medical condition to which Defendants unreasonably responded. While Plaintiff believes that his COVID-19 status should have precluded his being taking into custody or remaining in custody, he does not plead facts to support that the conduct of any Defendant was objectively unreasonable. Plaintiff will be given an opportunity, however, to replead his complaint, in the event he can state a colorable claim.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims without reference to a prior pleading. There, Plaintiff is to plead his claims against each Defendant in a separate numbered paragraph as provided in Fed. R. Civ. P. 10(b) and is to avoid pleading against Defendants collectively.

2. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

      3.      Plaintiff files [4], requesting the recruitment of pro bono counsel counsel, but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED. If Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

      4.      Plaintiff has filed a letter with the Court. [10] asserting that payment of the filing fee has left him unable to purchase food items and toiletries. The District Court does not have the authority to waive the filing fee and can offer Plaintiff no relief. *See Butler v. Deal*, 749 Fed. Appx. 542, 543 (7th Cir. 2020) (citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir. 2013) (§1915(b)(1) "forbids outright forgiveness of the obligation to pay the filing fee"). In the future, if Plaintiff seeks relief of this Court, he is to file it in the form of a motion, not a letter.

  11/2/2021                                         s/Joe Billy McDade
ENTERED                                       JOE BILLY McDADE
                                                      UNITED STATES DISTRICT JUDGE